UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joe Hannan,<br><br>    Plaintiff,<br>v.<br><br>First Source Advantage,<br><br>    Defendant. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Joe Hannan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Joe Hannan (hereafter "Plaintiff"), is an adult individual residing in Bethel Woods, Pennsylvania and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant First Source Advantage, (hereafter "Defendant"), is a company with an address of 205 Bryant Woods South, Amherst, NY 14228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant repeatedly harassed the Plaintiff with phone calls, calling 4-5 times a day, even after the Plaintiff requested the Defendant to cease calling.

10. The Defendant called the Plaintiff, who works at home, during work hours, on his business phone, even though the Plaintiff requested the Defendant not call him at work.

11. The Defendant left messages for Plaintiff both on the Plaintiff's business answering machine, which could be heard by the Plaintiff's employee and clients, and with the Plaintiff's employee, in which they disclosed that the Plaintiff owed a debt.

12. The Defendant called the Plaintiff every day, including weekends and holidays.

13. The Defendant generally calls with an automated message, asking the Plaintiff to "hold the line" until a caller is available.

14. The Defendant uses deceptive means to deceive the Plaintiff into answering their phone calls and/or calling them back. During one of the phone calls, the Plaintiff told the Defendant that "Joe" was not available and asked to take a message. The Defendant then told the Plaintiff that "Joe" had won a monetary prize and that he had to call the Defendant to collect it. When the Plaintiff then called the Defendant back, the Defendant began threatening him and told him he "better pay back the debt immediately."

15. The Defendant failed to send the Plaintiff a letter validating the debt.

16. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

19. The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

20. The Defendant contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

3

21. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

22. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

23. The Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

24. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

25. The Defendant failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

26. The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

27. The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

28. The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

29. The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

30. The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

31. The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

36. The Defendant is a "debt collector" as defined in 73 P.S. § 2270.3.

37. The Defendant violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

38. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private

affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Pennsylvania state law.

42. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls.

43. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

44. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

45. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

46. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1,** *et seq.*

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity

Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

49. The Defendant's acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

50. As a result of the Defendant's violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against Defendant;
4. Statutory damages pursuant to 73 P.S. § 2270.5(c);
5. Actual damages pursuant to 73 P.S. § 201-9.2(a);
6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);
7. Treble damages pursuant to 73 P.S. § 201-9.2(a);
8. Actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;
9. Punitive damages; and
10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 4, 2009

                                          Respectfully submitted,

                                          By /s/ Jody B. Burton

                                          Jody B. Burton, Esq.
                                          Bar No.: 71681
                                          LEMBERG & ASSOCIATES L.L.C.
                                          1100 Summer Street, 3rd Floor
                                          Stamford, CT 06905
                                          Telephone: (203) 653-2250
                                          Facsimile: (877) 795-3666
                                          Attorneys for Plaintiff